IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 23, 2015

## TIMOTHY MESSMAKER v. HEATHER L. MESSMAKER

**Appeal from the Circuit Court for Carter County**
**No. C13246     J. Eddie Lauderback, Judge**

**No. E2015-02071-COA-T10B-CV-FILED-DECEMBER 1, 2015**

This is an interlocutory appeal as of right, pursuant to Rule 10B of the Rules of the Supreme Court of Tennessee, from the denial of a motion for recusal filed by Timothy Messmaker ("Former Husband") in the parties' post-dissolution modification proceedings. Having reviewed the petition for recusal appeal filed by Former Husband, and finding no error in Trial Court's ruling, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J., and THOMAS R. FRIERSON, II, J., joined.

Larry C. Vaughan, Knoxville, Tennessee, for the appellant, Timothy Messmaker.

Heather L. Messmaker, Elizabethton, Tennessee, appellee, *pro se*.

## OPINION

According to the petition filed in this Court, Former Husband filed a motion for recusal of the Trial Court Judge based upon Former Husband's belief that he could not "obtain a fair hearing" before the Trial Court Judge as a result of "the prior actions of the Court." Specifically, Former Husband alleged in his affidavit in support of the motion that the Trial Court Judge had: (a) denied Former Husband the opportunity to present evidence in support of his position at a prior hearing; (b) denied Former Husband's request for a modification of the parties' Permanent Parenting Plan "for no apparent reason whatsoever"; (c) repeatedly received *ex parte* correspondence from Heather L. Messmaker ("Former Wife") despite having advised Former Wife to not send any further correspondence directly to the Trial Court Judge; and (d) granted Former Wife's request for an *ex parte* show cause

order directing Former Husband to appear and show cause why he should not be held in contempt.  Unfortunately, neither the motion nor Former Husband's affidavit in support of the motion "affirmatively state[d] that it [was] not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" as required by section 1.01 of Rule 10B of the Rules of the Supreme Court of Tennessee.

The Trial Court Judge denied the motion both on grounds of insufficiency and on the merits.  The Judge noted that the motion did not contain the affirmation required by section 1.01 of Rule 10B and cited this deficiency as a basis for denial.  However, the Judge also stated in the order that none of the facts alleged by Former Husband in support of his motion would lead a person of ordinary prudence to question the Judge's impartiality.  Former Husband timely filed his petition for recusal appeal in this Court pursuant to Rule 10B.

## ANALYSIS

Appeals from orders denying motions to recuse or disqualify a trial court judge from presiding over a case are governed by Rule 10B of the Rules of the Supreme Court of Tennessee.  Pursuant to section 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal of a trial court judge.  The appeal is effected by filing a "petition for recusal appeal" with the appropriate appellate court.  Tenn. Sup. Ct. R. 10B, § 2.02.  The petition for recusal appeal "shall be accompanied by copies of any order or opinion [of the trial court] and any other parts of the record necessary for determination of the appeal."  Tenn. Sup. Ct. R. 10B, § 2.03.  "If the appellate court, based upon its review of the petition and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal.  Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties.  The court, in its discretion, also may order further briefing by the parties within the time period set by the court."  Tenn. Sup. Ct. R. 10B, § 2.05.  Rule 10B goes on to provide that "[t]he appeal shall be decided by the appellate court on an expedited basis upon a de novo standard of review.  The appellate court's decision, in the court's discretion, may be made without oral argument."  Tenn. Sup. Ct. R. 10B, § 2.06.  While not explicitly stated as such in the rule, it is clear that the only record the appellate court generally will have in expedited appeals under Rule 10B is the record provided by the appellant with his or her petition pursuant to the mandatory language of section 2.03 of the rule.

We have determined in this case after a review of the petition, and supporting documents submitted with the petition, that an answer, additional briefing, and oral argument are unnecessary to our disposition because the record provided by Former Husband does not demonstrate error by the Trial Court Judge in the denial of the motion to recuse.  As such, we have elected to act summarily on this appeal in accordance with sections 2.05 and 2.06 of

2

Rule 10B.

Without question, "[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right." Bean v. Bailey, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting State v. Austin, 87 S.W.3d 447, 470 (Tenn. 2002)); see also Tenn. Const. Art. VI, § 11. This constitutional right "is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'" Id. (quoting Austin, 87 S.W.3d at 470). "[P]reservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." Kinard v. Kinard, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998); see also Offutt v. United States, 348 U.S. 11, 14 (1954) (holding that "justice must satisfy the appearance of justice"). As such, Rule 2.11(A) of the Code of Judicial Conduct as set forth in Rule 10 of the Rules of the Supreme Court of Tennessee requires a judge to recuse himself or herself "in any proceeding in which the judge's impartiality might reasonably be questioned." See also Smith v. State, 357 S.W.3d 322, 341 (Tenn. 2011)(noting that recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias'")(quoting Bean, 280 S.W.3d at 805).

The terms "bias" and "prejudice" generally "refer to a state of mind or attitude that works to predispose a judge for or against a party"; however, "[n]ot every bias, partiality, or prejudice merits recusal." Alley v. State, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). To merit disqualification of a trial judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'" Id. However, "[i]f the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." Id. In addition, "[a] trial judge's adverse rulings are not usually sufficient to establish bias." State v. Cannon, 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." Alley, 882 S.W.2d at 821; see also State v. Reid, 313 S.W.3d 792, 816 (Tenn. 2006).

As the Trial Court Judge concluded in the order on review, there are no facts alleged or shown in the record that would lead a well-informed, disinterested observer to question the impartiality of the Judge in this case. It cannot be argued that the Judge had a duty to recuse himself simply because Former Husband is dissatisfied with the rulings against him. Moreover, we agree that the Trial Court Judge need not have even reached the merits of the motion because Former Husband failed to include in either his motion or affidavit in support

3

of the motion the assertions of fact required by the rule.  See Tenn. Sup. Cr. R. 10B, § 1.01 ("The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.").

## CONCLUSION

Having determined that the record provided by Former Husband does not demonstrate error, we affirm the Trial Court's denial of the motion seeking recusal.  Former Husband and his surety are taxed with the costs of this appeal, for which execution may issue.  This case is remanded for further proceedings.

_____
JOHN W. MCCLARTY, JUDGE